

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 23, 1959

Honorable William S. Fly, Chairman
Senate Finance Committee

Honorable W. S. Heatly, Chairman
House Appropriations Committee
Austin, Texas

Opinion No. WW-604

Re: Validity of provisions
in the general appro-
priations bill, 56th
Leg., relating to pay-
ment of rentals and
services by special
fund agencies.

Dear Messrs. Heatly and Fly:

You have requested our opinion on the validity of
proposed provisions to be incorporated in the general
appropriations bill for the next biennium. An example
of these provisions is as follows:

> "For the payment of office rent and
> shop rent for examinations; rental amounts
> for State-owned space are to be computed
> at the rate of 30¢ per square foot per
> month, and the Comptroller shall transfer
> from this appropriation item the appropri-
> ate rental sum to the State Building Fund
> if the occupied space is in buildings con-
> structed from such fund, or to the General
> Revenue Fund if the occupied space is in
> buildings otherwise acquired. . . . . $
> $ ."

In Attorney General's Opinion WW-573 (1959), it
was held:

> "The Legislature cannot by rider in
> the appropriation bill amend a general
> law. Attorney General's Opinion V-1304
> (1951). Therefore, the Legislature can-
> not transfer special funds to the General

Revenue Fund by an appropriation bill with-
out first amending the general law creating
the special fund. The Legislature does
have the power, however, to transfer statu-
tory special funds to the General Revenue
Fund by a general law without violating the
provision of Section 7 of Article VIII of
the Constitution of Texas, relating to the
diversion of special funds. Gulf Insurance
Company v. James, 143 Tex. 424, 185 S.W.2d
966 (1945); Attorney General's Opinion
WW-544 (1959).

"Item 16 to the appropriations to the
Attorney General appropriates money for the
purposes authorized by the general law and
it keeps such special funds in a separate
account to be expended only for the purposes
authorized by the Legislature by general law.
Since the appropriation is neither contrary
to any constitutional provision nor to the
general law, it is our opinion that such item
of the appropriation bill is constitutional."

Since the occupancy of such space is necessary to
the carrying out of the particular duties of an agency of
the State, the Legislature is authorized to appropriate
moneys for the payment of rent. The question presented
by you concerns whether this rent can be charged by the
Legislature for the occupancy of State-owned space when
the Legislature determines that it is to the best interest
of the State Building Program to make such charge. There
is no question concerning the reasonableness of the rate
of 30 ¢ per square foot for State-owned space and such occu-
pancy is for a governmental purpose.

The rent authorized to be paid by the above quoted
provisions of the appropriations bill is to be deposited
in the State Building Fund which was created by Section
51-b of Article III of the Constitution of Texas when the
space to be occupied is in buildings constructed from such
fund and is to be deposited in the General Revenue Fund if
the occupied space is in buildings otherwise acquired.
This deposit is to be made by requiring the Comptroller to
transfer from the appropriation item for rent to the State
Building Fund or the General Revenue Fund as above indicated.
Therefore the transfer is to be made to the proper fund and
the question of transfers of special funds is thereby removed.

You are therefore advised that the above quoted
language is valid since it carries out the purpose of
the general law creating the special funds and is in
conformity with the principles announced in Opinion
WW-573.

Your second question concerns the following pro-
visions to be included in the general appropriations act:

"Its committees having determined
that the reasonable cost of the services
rendered by administrative and service
departments or agencies of the State to
the Board of Barber Examiners in carrying
out its statutory duties and responsibili-
ties to be the annual sums herein indicated,
the Legislature hereby adopts the foregoing
fact-finding; and for the purpose of paying
for such services there is hereby appropri-
ated and the Comptroller shall transfer from
the Barber Examiners Fund (No. 40) to the
General Revenue Fund at the end of each fis-
cal year the sum of. . . . $    $    ."

In Attorney General's Opinion WW-573, this office
stated:

"In response to the last paragraph of
your request relative to suggestions this
office might make, you are advised that the
Legislature may carry out its intended pur-
pose in one of two alternative methods.

"First, the Legislature can amend the
general law creating each special fund so
as to authorize a transfer of designated
amounts to the general fund, as determined
by the Legislature.

"Second, the Legislature may provide
in the General Appropriation Bill a method
for the reimbursement to the General Reve-
nue Fund by establishing the machinery for
a factual determination of the value of the
services rendered by administrative and
service departments, or the actual cost of
the services rendered. This may be accom-
plished by designating the Legislative

Budget Board or the Governor or some other
agency designated by the Legislature, and,
after a factual determination, the authori-
ty to execute the proper certification of
the value of the services rendered. The
Comptroller should then be given authority
to transfer from the Special Fund to the
General Revenue Fund upon such a certificate."

In your request you state that the above quoted
provisions to be included in the General Appropriations
Act have been drafted in light of Attorney General's
Opinion WW-573. The Legislature by this language has
provided for the reimbursement to the General Revenue
Fund for services rendered by administrative and service
departments financed from the General Revenue Fund, and
has made this reimbursement based upon a factual deter-
mination of the value of the services rendered by such
departments prior to the reimbursement being made. There-
fore, you are adivsed that these provisions comply with
the principles announced in Attorney General's Opinion
WW-573 and are valid.

SUMMARY

The Legislature is authorized
to make appropriations for the
payment of rent of space in
State-owned buildings and have
such appropriations deposited
into the proper fund.

The Legislature may provide in
the General Appropriation Bill
for the reimbursement to the
General Revenue Fund for serv-
ices rendered by the administra-
tive and service departments
financed from the General Reve-
nue Fund, provided that a method
is prescribed therein for making
a factual determination of the
value of the services rendered
by administrative and service
departments, or the actual cost
of the services rendered by the
administrative and service depart-

ments financed from the General
Revenue Fund. Attorney General's
Opinion WW-573.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Riley Eugene Fletcher
Jack Goodman
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert